**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MICHAEL R. GAMBLE,** | ) | **CASE NO. 1:18 CV 2812** |
| | ) | |
| Plaintiff, | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| **GREATER CLEVELAND REGIONAL** | ) | **AND ORDER** |
| **TRANSIT AUTHORITY (GCRTA)** | ) | |
| | ) | |
| Defendant. | ) | |

*Pro se* Plaintiff Michael R. Gamble filed this action against the Greater Cleveland Regional Transit Authority ("GCRTA") asserting violations of the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101, the retaliation provisions of 42 U.S.C. § 12203, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623(a)(1)(d). In the Complaint (Doc. # 1), Plaintiff alleges Defendant failed to rehire him due to his disability, age and previous lawsuits against the Defendant. He seeks monetary damages, and an order directing the Defendant to reinstate him to his former position or a comparable position in the company.

Plaintiff also filed an Application to Proceed *In Forma Pauperis* (Doc. #2). That Application is granted.

**I. BACKGROUND**

Plaintiff has had an extensive litigation history with GCRTA. He was employed by the Defendant as a bus driver from June 2000 through May 2012, when the Defendant terminated

his employment. Plaintiff filed a disability discrimination charge with the Equal Employment Opportunities Commission ("EEOC") and the Ohio Civil Rights Commission in March 2013. Plaintiff reapplied for his previous position in October 2013 by submitting an online application. GCRTA notified him in December 2013 that it would not be offering him a position. He filed a second EEOC charge in March 2014, claiming the Defendant's decision not to hire him was retaliatory. After receiving right-to-sue letters in June 2015, Plaintiff filed his first federal lawsuit in this Court alleging discrimination on the basis of disability in violation of the ADA and retaliation. *See Gamble v. Greater Cleveland Regional Transit Authority*, No. 1:15 CV 1219 (N.D. Ohio Sept. 30, 2015)(Gaughan, J.). The Court dismissed the case for lack of subject matter jurisdiction and further concluded Plaintiff failed to state a claim upon which relief could be granted because he did not identify a disability. *Id.* The United States Sixth Circuit Court of Appeals affirmed this decision on June 2, 2017. *Id.* (Doc. 24).

Despite his termination and subsequent lawsuit, Plaintiff again sought employment with GCRTA as a bus driver. On February 20, 2016, he attended a public job fair at which GCRTA was present, and a recruiter allegedly informed him that he was qualified as a bus driver. He attempted to fill out an online application. When he did not hear from GCRTA, he contacted the Human Resources Director who informed him GCRTA was not currently hiring. He requested the names of the applicants offered bus driver positions in February and March 2016 and was provided with a list of names. Plaintiff again filed an EEOC charge for retaliatory failure to hire. The EEOC issued a right-to-sue letter on December 2, 2016.

Plaintiff filed a second lawsuit on February 24, 2017 alleging GCRTA failed to rehire him in retaliation for filing EEOC charges and federal lawsuits, and to discriminate against him

on the basis of his disability.  *See Gamble v. Greater Cleveland Regional Transit Authority,* No. 1:17 CV 389 (N.D. Ohio Apr. 30, 2018)(Greenberg, J.).  The Court granted summary judgment in favor of GCRTA stating there was no evidence of retaliation under the ADA given that it did not appear Plaintiff actually submitted a job application, or that if he did, the failure to hire him was due to the prior EEOC charges and federal lawsuit.  The Defendant also pointed out that it now requires a high school diploma or GED as a minimum job requirement for bus operators.  Plaintiff admitted he did not have either a high school diploma or a GED.  Plaintiff's appeal of that decision is still pending in the Sixth Circuit.

Undeterred, Plaintiff applied online for the position of bus operator on August 12, 2016.  On October 11, 2016, the Ohio Means Jobs website posted an advertisement for on-site interviews for bus operators at the GCRTA Main Office Building.  Notably, this advertisement indicated that applicants were required to have a high school diploma or a GED.  (Doc. # 1-3).  Plaintiff does not indicate that he attended the on-site interviews or submitted another application for employment.  He states that he became aware on May 17, 2017 that other individuals were hired as bus operators and he was not offered a position.  He claims, without explanation, that all of the people hired were not qualified for the position.  He filed an EEOC charge on December 29, 2017, and received a right-to-sue letter on October 18, 2018.  He filed this suit on December 6, 2018 claiming GCRTA did not hire him because of his disability or his age, and to retaliate against him for filing EEOC charges and federal lawsuits.

## II.  STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is

required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when a defendant is immune from suit or when a plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

When determining whether the Plaintiff has stated a claim upon which relief can be granted, the Court must construe the Complaint in the light most favorable to the Plaintiff, accept all factual allegations as true, and determine whether the Complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. Although a Complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id*. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

The Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009), further explains the "plausibility" requirement, stating that "a claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id*. This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### III. ANALYSIS

Plaintiff's Complaint fails to state a claim upon which relief may be granted. He asserts claims for discrimination in hiring based on his age and disability, and retaliation for filing past EEOC charges and lawsuits. He however offers no factual allegations to suggest why he believes this to be the case. He states he is disabled but he does not indicate what he believes his disability to be. He does not state his age. He states he submitted an online application and did not receive an offer of employment. He contends GCRTA posted an advertisement for open interviews in October 2016. He does not state that he reapplied in October or that he went to the GCRTA offices for an on-site interview. He attaches a list of names of people who were offered employment after the on-site interviews and claims, without any specific information that they were all unqualified. Although it was a deciding factor in his prior lawsuit against GCRTA, Plaintiff does not mention the job requirement of having a high school diploma or GED, which Plaintiff previously admitted he did not possess.

The Court is aware that, at this stage, Plaintiff is not required to plead his discrimination claims with heightened specificity. *See Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 513-14 (2002). Nevertheless, Plaintiff must still provide "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678. Although the Complaint does not have to contain detailed factual allegations, its "[f]actual allegations must

be enough to raise a right to relief above the speculative level on the assumption that all the allegation in the complaint are true." *New Albany Tractor v. Lousiville Tractor*, 650 F.3d 1046, 1051 (6th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555.)

Here, Plaintiff's Complaint never rises above the speculative level. The Court is left to guess at facts central to his claim such his alleged disability, his age, and why he believes GCRTA retaliated against him. This is not sufficient to cross the threshold of basic pleading requirements in federal court. *See* FED. CIV. R. 8 (Complaint must provide "a short and plain statement of the claim" made by "simple, concise, and direct allegations."); *see also Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir.1987) (legal conclusions alone are not sufficient to present a valid claim, and court is not required to accept unwarranted factual inferences).

In addition, while it is not a jurisdictional, Plaintiff's submission of his discrimination charge to the EEOC appears to be untimely. He states he submitted an online application to GCRTA in August 2016. GCRTA advertised in October 2016 that they were looking to hire bus operators. Plaintiff contends it took him over nine months to realize he was not offered employment after submitting his application. It then took him an additional seven months to file an EEOC charge on December 29, 2017, more than a year after he applied for the job. An EEOC charge must be filed within 180 days after the alleged unlawful employment practice occurred, unless "the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice," in which case the aggrieved individual must file a charge with the EEOC within 300 days. 42 U.S.C. § 2000e–5(e). Even using the date GCRTA invited qualified candidates to apply for bus operator positions and

allotting 300 days for the charge to be filed, Plaintiff was outside of the limitation period.

Finally, a pattern seems to be emerging in Plaintiff's continued lawsuits against GCRTA. His first lawsuit was based on ADA claims pertaining to the termination of his employment after a prolonged absence and retaliation claims pertaining to GCRTA's refusal to rehire him when he subsequently applied for an open position. Although that case was ultimately resolved in favor of GCRTA, Plaintiff was able to raise his arguments both in the District Court and on appeal to the Sixth Circuit. His second lawsuit asserting retaliation claims was based on GCRTA's failure to rehire him when he applied for another open position. That case was also litigated extensively, and decided in favor of GCRTA. This third lawsuit asserts retaliation claims and is based on GCRTA's failure to rehire him when he applied for yet another position.

Plaintiff is cautioned that there is a limit to the number of retaliation cases he can file based on new employment applications. There is a fine line between filing a case to protect legitimate employment rights, and repeatedly submitting employment applications for a position for which you no longer meet the minimum job requirements for the sole purpose of harassing the Defendant. Up to this point, the Court's in this District have been tolerant of Plaintiff's *pro se* lawsuits against GCRTA. The Court, however, cannot allow any litigant to misuse its limited resources for the purpose of harassing another party. Plaintiff is cautioned that if he files another action against GCRTA he may not proceed *In Forma Pauperis* and will be required to pay the full filing fee of $ 400.00 to initiate the action.

## IV. CONCLUSION

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. #2) is

**GRANTED** and this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1] It is further ordered that if Plaintiff files another action against Greater Cleveland Regional Transit Authority, he must pay the entire filing fee at the initiation of the case and may not proceed *In Forma Pauperis*. The Clerk's Office is instructed to return, unfiled, any new actions against Greater Cleveland Regional Transit Authority that are not accompanied by the full filing fee.

  **IT IS SO ORDERED**.

                 /s/ Dan Aaron Polster 3/27/2019
                 **DAN AARON POLSTER**
                 **UNITED STATES DISTRICT JUDGE**

---

[1]  28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.